IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AURORA LOAN SERVICES LLC, | CASE NO. 5:11-CV-03061-EJD |
| Plaintiff, | **ORDER GRANTING MOTION TO REMAND** |
| v. | |
| JESSIE TORRES | [Re: Docket Item No. 12] |
| Defendant. | |

Presently before the court is Plaintiff Aurora Loan Services LLC's motion to remand the above-captioned action to the Superior Court of California, County of Santa Clara. For the reasons set forth below, the motion is GRANTED.

I. BACKGROUND

Plaintiff Aurora Loan Services LLC ("Aurora") filed this unlawful detainer case in Santa Clara County Superior Court on or about October 21, 2010. The complaint named as defendants all tenants of the subject property at 37A Union St., San Jose, CA: the property's former owners, Juan A. and Maria L. Alvarado, and up to five unknown residents sued as Does. Jessie Torres, a tenant residing on the property, was served with the summons and the complaint.

Asserting diversity jurisdiction, Torres previously removed the case to this court, where it was assigned case number 5:11-CV-586. On the report and recommendation of Magistrate Judge Paul Grewal, Judge Jeremy Fogel remanded the case to Superior Court because the 28 U.S.C. § 1332

requirement that the amount in controversy exceed $75,000 was plainly not met. Torres again removes the case to federal court, this time asserting jurisdiction under 28 U.S.C. § 1331, claiming that the case raises a necessary federal question under the Protecting Tenants at Foreclosure Act ("PTFA") of 2009. Once again, Aurora moves to remand the action on the grounds that this court lacks subject matter jurisdiction.

II. ANALYSIS

Federal question jurisdiction requires that a federal issue appear on the face of the well-pleaded complaint; a defense grounded in federal law does not suffice. Taylor v Anderson, 234 U.S. 74, 75–76 (1914); Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830 (2002). The only relevant exception to this rule arises when the regulatory effect of a federal law is so broad as to completely preempt any related state law causes of action. See Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58 (1987). The removing party bears the burden of showing that removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Aurora's complaint pleads only one cause of action, which is based entirely on California law. Torres's PTFA defense does not confer federal question jurisdiction upon this court. Moreover, federal courts have uniformly concluded that the PTFA does not preempt state law unlawful detainer actions. See, e.g., Fed. Nat'l Mortg. Ass'n v. Lofton, 4:11-CV-3697-LB, 2011 WL 3739547 (N.D. Cal. Aug. 24, 2011); OP Development, Inc. v. Pascal, 1:11-CV-1363-LJO, 2011 WL 3687636 (E.D. Cal. Aug. 23, 2011); BDA Investment Properties LLC v. Sosa, 11-CV-3684-GAF (RZX), 2011 WL 1810634 (C.D. Cal. May 12, 2011); SD Coastline LP v. Buck, 10-CV-2108-MMA (NLS), 2010 WL 4809661 (S.D. Cal. Nov. 19, 2010). Accordingly, this court lacks subject matter jurisdiction over the case and must remand the action to state court.

/
/
/
/
/

III. ORDER

Good cause therefor appearing, Plaintiff's motion to remand is GRANTED. The case is REMANDED to the Superior Court of California for the County of Santa Clara. The clerk is directed to transmit the file and close the case.

**IT IS SO ORDERED.**

Dated: September 30, 2011



EDWARD J. DAVILA
United States District Judge

CASE NO. 5:11-CV-03061-EJD
ORDER GRANTING MOTION TO REMAND